NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3914
_____

SCOTT FERRIS; JODI FERRIS;
A. F., a minor, by her parents,
Appellants

v.

MILTON S. HERSHEY MEDICAL CENTER; CAITLIN J. MALLIS, M.D.;
IAN M. PAUL, M.D.; COLIN MACNEILL, M.D.; JOHN DOE, M.D., Physicians;
JANE DOE, R.N.; JANET DOE, R.N., Registered Nurses; JOHN ROE; JANE ROE,
Hospital Staff Member; JACK ROE, Risk Management Personnel, Personally and in
Official Capacity; OFFICER RIAN BELL; ANGELICA LOPEZ-HEAGY,
a Social Worker, in their Individual Capacity
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court Civil No. 1-12-cv-00442)
District Judge:  Honorable John E. Jones, III

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2017

BEFORE:  AMBRO, RESTREPO, and NYGAARD, *Circuit Judges*

(Filed: July 12, 2017)
_____

OPINION*
_____

NYGAARD, *Circuit Judge.*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

A.F. was born premature, with life-threatening complications, in the back of an ambulance which was parked just outside of the door of a local hospital emergency room. Attenuating circumstances ultimately led the Commonwealth to assume custody of the infant. The Commonwealth then authorized the hospital to administer medical treatment to A.F., over the objections of her parents, Scott and Jodi Ferris. The Ferrises sued the hospital and other individuals associated with A.F.'s treatment, alleging violations of their constitutional rights. The District Court granted summary judgment to the hospital and the other named defendants. We will affirm.

## I.

## A.

The District Court's opinion sets out a thorough and comprehensive statement of the evidence in the summary judgment record, viewed in a light most favorable to the Ferrises. *See Ferris v. Milton S. Hershey Med. Ctr.*, 2016 WL 5462088 (M.D. Pa. Sep. 29, 2016). This makes our job easier as this is an intensely fact-driven case, and obviates our need to restate that record here.[1] *See, id.* Moreover, the parties' familiarity with the medical conditions, treatments, prescriptions, and procedures undertaken in this case eliminates the need for in-depth explanations of those therapies unless particularly relevant to our decision.

## B.

---

[1] Given the parties fluency with the record, we will not include citations to the appendix in this opinion.

The District Court noted the "lengthy and complex path" this case has taken. Hence, we need only recount where things stand on appeal. The Ferrises have appealed the District Court's order granting summary judgment in favor of two hospital physicians, Ian M. Paul, M.D., and Caitlin J. Mallis, M.D., whom we will collectively refer to as the "hospital physicians," and county social worker Angelica Lopez-Heagy, identified herein as the "social worker." The Ferrises have not appealed rulings either dismissing or granting summary judgment to other named defendants. Relevant here, summary judgment was granted on the following: a claim brought under 42 U.S.C. § 1983 that the hospital physicians and the social worker violated the Fourth Amendment by unconstitutionally seizing A.F.; a Fourteenth Amendment procedural due process claim against those same parties; and lastly, a state law false imprisonment claim against the social worker, alleging that she unlawfully detained A.F. without parental consent.

The District Court concluded that the Ferrises failed to establish the unreasonableness necessary for their Fourth Amendment claim, given the hospital physicians' belief that A.F. was in imminent danger of serious bodily harm. As to the Ferris' due process claims, the District Court held that emergency circumstances justified A.F.'s seizure, hence, the Ferrises were not entitled to any due process. The District Court determined that the social worker did not violate the Ferris' rights under the Fourth Amendment because her actions did not amount to an actual seizure of A.F. Likewise, the District Court rejected the due process claim against the social worker because she was justified in relying on the opinions of medical professionals. The state court claim of false imprisonment was also found wanting because the social worker justifiably

3

concluded that A.F. was in imminent danger. The District Court, in an alternative holding, also addressed the affirmative defense of qualified immunity, which was raised by both the hospital physicians and the social worker. Following our decision in *Miller v. City of Phila.*, 174 F.3d 368 (3d Cir. 1999), the District Court determined that, since there was no constitutional violation, the hospital physicians and the social worker would be entitled to qualified immunity.

## C.

The Ferrises filed a timely notice of appeal. Before we review the merits of the arguments they raise, the Ferris' prosecution of their appeal makes it necessary for us to clarify concerns about the preservation of several issues. For instance, they argue that the hospital physicians improperly seized A.F. before the expiration of a 24-hour discharge agreement they had reached with the hospital and improperly contacted CYS while the Ferrises were trying to comply with the arrangement. The hospital physicians argue that we cannot consider this argument because it is a new one, and that the Ferrises failed to raise it before the District Court. We disagree. For certain, we will not address an issue that is raised for the first time during appeal. *Fleck v. KDI Sylvan Pools, Inc.*, 981 F.2d 107, 116 (3d Cir. 1992). But here, allegations were set out in the Amended Complaint that the hospital violated its agreement to discharge A.F. within 24 hours. Paragraph 76 of that filing alleges that the hospital "agreed to work with [the Ferrises] to get the baby discharged in 24 hours," and paragraph 86 relates their belief that the hospital did not intend to abide by that discharge agreement. The Ferrises also raised this point before the District Court where, in response to the hospital's motion for summary judgment, they

4

argued that they attempted to comply with the hospital's requirements to secure discharge for A.F. We view this argument as a component part of the Ferris' larger contention that A.F. was unconstitutionally seized. Therefore, we do not find it waived.[2]

The Ferrises also argue that the hospital physicians prohibited her from breast feeding A.F. after the infant had been taken into state custody. This is a new argument presented for the first time on appeal. Our review of the record satisfies us that this allegation was not made in the Amended Complaint, nor presented in any fashion to the District Court. It therefore is waived, and we will not consider it. *See Fleck,* 981 F.2d at 116. We turn now the merits of the Ferris's appeal.

II.

A.

Two provisions of the Constitution protect the parent-child relationship from state interference: the Search and Seizure Clause of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. These provisions were the foundations for the Ferris' claims in the District Court. We will begin with the Fourth Amendment claim. The Ferrises maintain that in taking A.F. into custody, the hospital physicians and the social worker violated their Fourth Amendment right to be free from unreasonable

---

[2] Questions also have arisen about the Ferris' treatment of the qualified immunity question on appeal. The hospital physicians and the social worker argue that the Ferrises have waived any challenge to the District Court's determination that they are protected by qualified immunity by failing to adequate present and argue the issue on appeal. The Ferrises maintain that their challenge is adequately argued. Because we ultimately will affirm the District Court's award of summary judgment on the merits, we need not reach its alternative qualified immunity holding.

5

seizures. Specifically, they point to what they believe was the District Court's erroneous conclusion that the circumstances of A.F.'s birth were not urgent and that because the medical treatment the hospital wanted to administer was unnecessary, seizing A.F. in order to do so violated their constitutional rights.

Summary judgment is appropriate under Federal Rule Civil Procedure 56(c) when the moving party demonstrates that there is no genuine issue of material fact, and the evidence establishes the moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Coming at this from a different angle, we have explained that "summary judgment is essentially put up or shut up time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

The removal of a child from the custody of his or her parents is reasonable if exigent circumstances pose an immediate threat to the safety of the child. *Good v. Dauphin Cty. Soc. Servs.*, 891 F.2d 1087, 1094 (3d Cir. 1989). The Ferrises have not presented any evidence that the hospital physicians acted unreasonably in removing A.F. from their custody. The District Court correctly considered the following undisputed facts: the Ferrises refused to permit the hospital physicians to treat A.F. with triple dye, erythromycin, and to give A.F. a vaccine against Hepatitis B; and the Ferrises refused to allow A.F. to remain in the hospital for observation (which the hospital insisted on, given the unknown GBS status and the risk of infection to A.F). This information—or lack thereof—was all that was available to the hospital physicians at the time.

6

We conclude, therefore, that the hospital physicians' belief that A.F.'s health and safety were at imminent risk was a reasonable one. According to the summary judgment record, A.F. was born premature, near death, in respiratory distress, and little if any information was available to attending medical personnel about the level of pre-natal care she received. Further, Mrs. Ferris could not confirm her Rh status, nor did she provide medical personnel with her GBS status. Her statements that A.F. received prenatal care from a midwife were contradicted by the midwife herself. Mrs. Ferris forbade treatment with such therapies as triple dye, erythromycin, and the Hepatitis B inoculation. Also, the record reflects Mrs. Ferris' uncooperative and unhelpful interactions with the hospital physicians and the social worker, in addition to some unorthodox behavior such as insisting on holding the infant while she urinated and underwent a surgical procedure. All of these things were reasonably relied on by the hospital physicians and the social worker in deciding that A.F. was in serious risk of imminent harm and to remove her from her parent's custody.

The underlying current of the Ferris' Fourth Amendment argument on appeal is that the seizure of their daughter was unconstitutional because the medical treatments the hospital physicians sought to administer were unnecessary. Since these treatments were unnecessary—they argue—there was no immediate threat to A.F.'s health, and since there was no immediate threat to A.F.'s health, no seizure should have taken place. The Ferrises focus with particularity on the hospital physician's desire to give A.F. a vaccine to protect against Hepititis B. They maintain that such treatment was "unnecessary" since it would have been equally effective if was administered within twenty-four hours

7

of birth, as opposed to twelve hours. But, the Ferrises presented no clinical evidence to support their assertion. To the contrary, the hospital physicians testified that although the vaccine retains its effectiveness when given twenty-four hours after birth, the additional delay resulted in an increased risk of infection and/or transmission to the infant. Additionally, Mrs. Ferris' Hepatitis status was unknown to the hospital physicians because she refused to provide them with any medical history. All of this allowed the hospital physicians to reasonably suspect neglect and therefore, the District Court did not err by upholding the seizure of their daughter as lawful.

### B.

Our conclusion is the same with regard to the Ferris' Fourteenth Amendment due process claim: the District Court properly rejected the Ferris' procedural due process claim. The elements of such a claim require the Ferrises to establish that: "(1) [the person] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available ... did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). However, because of the emergency nature of situations which pose an imminent risk to the safety of a child, that child may be removed from custody with concerns of procedural due process coming afterward. *Goss v. Lopez*, 419 U.S. 565, 582-

83 (1975).[3]  Here, the state court expeditiously authorized the temporary removal of A.F.

from her parents' custody, indeed, within a half hour of the police's seizure.  On appeal,

the Ferrises have conglomerated their procedural due process arguments with their

discussion of their Fourth Amendment claim.  We agree with the District Court's

conclusion that the Ferrises cannot state a procedural due process claim "by simply

complaining that the seizure of A.F. was unreasonable."  And, like the District Court, we

conclude that there were no deprivations of the Ferris' due process rights.

## C.

Summary judgment was also properly granted to the social worker.  The District

Court correctly determined that the Ferris' Fourth Amendment claim against the social

worker failed as a matter of law because the social worker did not seize A.F.  On appeal,

the Ferrises do not make a direct challenge to that determination, arguing instead that the

hospital physicians and the social worker worked in concert to have A.F. removed from

their custody without a constitutional justification.  That argument misses the mark.  The

District Court's conclusion that the social worker did not seize A.F. was correct, and the

Ferrises acknowledged as much.  Under Pennsylvania law, a social worker lacks the

independent authority to deprive a parent of custody of their child.  *See* 23 Pa. C.S. §

6315(a); 42 Pa. C.S. § 6324.  The social worker here acted appropriately.  She gathered

information from the hospital physicians, and then gave that information to the local

police department and district attorney's office.  Her information was later confirmed by

---

[3] The Ferrises do not challenge the adequacy of the process they received after A.F.'s seizure.

a police officer, who actually ordered the deprivation of custody. Inasmuch as the social worker did not seize the infant, there can be no Fourth Amendment violation and the District Court correctly found the Ferris' claim against the social worker failed as a matter of law.

Again, the same conclusion applies to the District Court's treatment of the Ferris' Fourteenth Amendment due process claim against the social worker. In emergency situations that present an immediate threat to the safety of a child, officials may temporarily deprive a parent of custody without parental consent or an order of the court. *See, e.g., Hollingsworth v. Hill*, 110 F.3d 733, 739 (10th Cir. 1997). Social workers, we have held, are entitled to consider the professional opinions of medical staff in determining whether a deprivation of custody is necessary in a particular emergency situation. *See Miller*, 174 F.3d at 371. The circumstances surrounding A.F.'s birth, as the District Court correctly noted, justified the social worker's reliance on medical professionals in making her determination to recommend a custody deprivation. Therefore, there is no Fourteenth Amendment due process violation and the District Court correctly granted summary judgment to the social worker.

The District Court also properly granted summary judgment to the social worker on the Ferris' state law false imprisonment claim. The Ferrises raise scant argument on this point on appeal, offering two short paragraphs at the end of their brief. They argue that there was no imminent danger or emergency and A.F.'s seizure was, therefore, unlawful. We disagree. Our review of the record reveals no error by the District Court in granting summary judgment to the social worker on this state law claim.

III.

We will affirm the grant of summary judgment to the hospital physicians and the social worker.